UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELVIS BUTLER,<br><br>     Plaintiff,<br><br> -against-<br><br>NIAGARA CREDIT SOLUTIONS, INC.<br><br>     Defendant. | **VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL** |

  NOW COMES Plaintiff, Elvis Butler ("Plaintiff"), by and through his attorneys, Krohn & Moss, Ltd., for his Verified Complaint against Defendant, Niagara Credit Solutions, Inc. ("Defendant"), alleges as follows:

Nature of the Action

  1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

  2. Plaintiff is a natural person residing in Forest, Scott County, Mississippi.

  3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

  4. Defendant is a New York company having its principal place of business located in Williamsville, Erie County, New York.

  5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## **FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt. *See* Exhibit A hereto.

12. Defendant called Plaintiff on the following phone numbers: 800-381-0416, ext. 202, 800-381-0416, ext. 226, and 716-631-0646.

13. Defendant contacted Plaintiff by e-mail transmissions wherein Defendant failed to disclose that it is a debt collector.

14. Defendant told Plaintiff that "you will be picked up by the police" and threatened to take Plaintiff to jail if Plaintiff did not pay his alleged debt.

15. Defendant threatened to file a wage garnishment action against Plaintiff.

16. Defendant accused Plaintiff of having written a bad check and threatened to take Plaintiff to jail.

17. Defendant contacted Plaintiff at his place of employment and left messages with Plaintiff's co-workers even though Defendant knew that Plaintiff's employer prohibits Plaintiff from receiving such communications;

18. Defendant did not send Plaintiff a debt validation letter.

19. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered the phone.

20. Defendant failed to identify itself as a debt collector in subsequent communications.

21. To date Defendant has not filed a wage garnishment action against Plaintiff.

## COUNT 1

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692b(2) of the FDCPA by contacting a third party, Plaintiff's co-workers, and communicating that Plaintiff owes the alleged debt;

   b. Defendant violated §1692b(3) of the FDCPA by contacting a third party more than once by calling Plaintiff's co-workers at least two (2) times;

   c. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff and his co-workers at Plaintiff's place of employment when Defendant knew that Plaintiff's employer prohibits Plaintiff from receiving such communications;

   d. Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's co-workers concerning Plaintiff's alleged debt;

e. Defendant violated §1692d(1) of the FDCPA by telling Plaintiff that "you will be picked up by the police" and by threatening to take Plaintiff to jail if Plaintiff did not pay his alleged debt;

f. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

g. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone;

h. Defendant violated §1692e(4) of the FDCPA by telling Plaintiff that "you will be picked up by the police" and by threatening to take Plaintiff to jail, and, by threatening to file a wage garnishment action against Plaintiff if Plaintiff did not pay his alleged debt, thereby representing or implying that Plaintiff's nonpayment of his alleged debt will result in the arrest or imprisonment of Plaintiff;

i. Defendant violated §1692e(5) of the FDCPA by telling Plaintiff that "you will be picked up by the police" and by threatening to take Plaintiff to jail if Plaintiff did not pay his alleged debt, and, by threatening to file a wage garnishment lawsuit against Plaintiff even though Defendant has not filed such a lawsuit to date and does not intend to do so;

j. Defendant violated §1692e(7) of the FDCPA by telling Plaintiff that "you will be picked up by the police" and threatening to take Plaintiff to jail if Plaintiff did not pay his alleged debt, and by accusing the plaintiff of having written a bad check, thereby falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff;

k.  Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

l.  Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector;

m.  Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23.  As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress.  *See* Exhibit B hereto.

24.  This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1)  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2)  Actual damages;

(3)  Statutory damages pursuant to 15 U.S.C. § 1692k;

(4)  Costs and reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5)  Awarding such other and further relief as may be just, proper and equitable.

Dated:     March 25, 2009

        KROHN & MOSS, LTD.

        By:  /s/ Adam T. Hill
        Adam T. Hill
        KROHN & MOSS, LTD.
        120 W. Madison St., 10th Fl.
        Chicago, Illinois 60602
        Telephone:  312-578-9428
        Telefax:  866-802-0021
        ahill@consumerlawcenter.com
        Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, ELVIS BUTLER, hereby demands a jury trial in this matter.

## **VERIFICATION**

STATE OF MISSISSIPPI)

COUNTY OF CLARK)

Plaintiff, ELVIS BUTLER, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ELVIS BUTLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/18/2009

_____
Elvis Butler

# EXHIBIT A

**(Plaintiff's Counsel in Possession of Voicemails, Available Upon Request)**

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — YES / **NO**
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: I asked him not to call me on my job but he continues to do so.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/18/2009

_Elvis Butler_
Signed Name

Elvis Butler
Printed Name